# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 15, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *    *
NICOLE TRACY and DANNY STOTLER        *
on behalf of R.S. their minor child,        *      No. 16-213
                                            *
            Petitioner,                     *      Special Master Young
                                            *
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
            Respondent.                     *
*  *  *  *  *  *  *  *  *  *  *  *  *    *
```

*Mari Colleen Bush,* Mari C. Bush LLC, Boulder, CO for Petitioners.
*Lynn Christina Schlie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 11, 2016, Nicole Tracy and Danny Stotler ("Petitioners") filed a petition for compensation on behalf of their minor child, R.S., pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1. Petitioners allege that the pneumococcal conjugate ("PCV 13" or "Prevnar 13") vaccine R.S. received on March 18, 2013, caused her to suffer from transverse myelitis ("TM"). *Id.* On March 30, 2022, I ruled that Petitioners are entitled to compensation for R.S.'s injury. Ruling on Entitlement, ECF No. 110.

On January 15, 2024, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 258. Based on the record as a whole,

---

[1] Because this unpublished decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the program").

I find the Proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioner:

(1) A lump sum payment of $1,297,837.79, representing compensation for life care expenses in the first year after judgment ($51,390.79), partial lost future earnings ($996,447.00), and pain and suffering ($250,000.00), to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners as guardian(s)/conservator(s) of the estate of R.S., for the benefit of R.S. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.S. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship/conservatorship is no longer required under the laws of the state of Colorado after R.S. has attained the age of majority, any such payment shall be paid to R.S. upon submission of written documentation of the termination of guardianship/conservatorship to the Secretary.

(2) A lump sum payment of $37,629.32, representing compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.

(3) A lump sum payment of $40,866.23, representing compensation for satisfaction of the Colorado Department of Health Care Policy and Financing lien, payable jointly to petitioners and:

> Colorado Department of Health Care Policy and Financing
> Colorado Medical Assistance
> Tort and Casualty Recovery Program
> 333 W. Hampden Ave., Suite # 425
> Englewood, CO 80110
> Medicaid ID Number: P415590
> Case Number: 225220
> ATTN: Lourdes French

Petitioners agree to endorse this payment to the Colorado Department of Health Care Policy and Financing.

(4) An amount sufficient to purchase the annuity contract, subject to the conditions described in the Proffer at pages 6–7, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached to the Proffer, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent

years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners only so long as R.S. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

I approve the requested amount for Petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Herbrina D. S. Young</u>
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

_____
                                        )
NICOLE TRACY and                        )
DANNY STOTLER, on behalf of R.S.,       )
their minor child,                      )
                    Petitioners,        )        No. 16-213V
                                        )        Special Master Young
         v.                             )        ECF
                                        )
SECRETARY OF THE DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES,              )
                                        )
                    Respondent.         )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 11, 2016, Nicole Tracy and Danny Stotler ("petitioners") filed a petition on behalf of their daughter, R.S., for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 et seq., alleging that a pneumococcal-conjugate (Prevnar-13) vaccine administered to R.S. on March 18, 2013, caused her to suffer from transverse myelitis. Petition ("Pet.") at 1. On March 30, 2022, Special Master Young issued a Ruling on Entitlement in favor of petitioners. ECF No. 110. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's March 30, 2022 Ruling on Entitlement, finding petitioners entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

-1-

I.       **Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioners engaged Laura Woodard, B.A., M.A., ReEntry Rehabilitation Services, to provide an estimation of R.S.'s future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's March 30, 2022 Ruling on Entitlement.  All items of compensation identified in the life care plan are supported by the evidence and are illustrated by the chart entitled Appendix A: Items of Compensation for R.S., attached hereto as Tab A.[2]  Petitioners agree.

      B.      Partial Lost Future Earnings

The parties agree that based upon the evidence of record, R.S. will not be fully gainfully employed in the future.  Therefore, respondent proffers that R.S. should be awarded partial lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for R.S.'s partial lost future earnings is $996,447.00. Petitioners agree.

      C.      Pain and Suffering

Respondent proffers that R.S. should be awarded $250,000.00 in actual pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

---

[2]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to R.S.'s vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $37,629.32.  Petitioners agree.

E.    Medicaid Lien

Respondent proffers that R.S. should be awarded funds to satisfy a Colorado Department of Health Care Policy and Financing Medicaid lien in the amount of $40,866.23, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have against any individual as a result of any Medicaid payments the State of Colorado has made to or on behalf of R.S. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about March 18, 2013, under Title XIX of the Social Security Act.

II.    **Form of the Award**

The parties recommend that the compensation provided to R.S. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $1,297,837.79, representing compensation for life care expenses in the first year after judgment ($51,390.79), partial lost future earnings ($996,447.00), and pain and suffering ($250,000.00), to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners as guardian(s)/

---

[3]  Should R.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

conservator(s) of the estate of R.S., for the benefit of R.S.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.S.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.S. upon submission of written documentation of such appointment to the Secretary.  Further, if guardianship/conservatorship is no longer required under the laws of the state of Colorado after R.S. has attained the age of majority, any such payment shall be paid to R.S. upon submission of written documentation of the termination of guardianship/conservatorship to the Secretary.

B.  A lump sum payment of $37,629.32, representing compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.

C.  A lump sum payment of $40,866.23, representing compensation for satisfaction of the Colorado Department of Health Care Policy and Financing lien, payable jointly to petitioners and:

Colorado Department of Health Care Policy and Financing
Colorado Medical Assistance
Tort and Casualty Recovery Program
333 W. Hampden Ave., Suite # 425
Englewood, CO 80110
Medicaid ID Number: P415590
Case Number: 225220
ATTN: Lourdes French

Petitioners agree to endorse this payment to the Colorado Department of Health Care Policy and Financing.

-4-

D.  An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners only so long as R.S. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or

---

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

       1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioners agree.

       2.    <u>Life-Contingent Annuity</u>

The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as R.S. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of R.S.'s death.

       3.    <u>Guardianship/Conservatorship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.S.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of R.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.S. upon submission of written documentation of such appointment to the

Secretary.  Further, if guardianship/conservatorship is no longer required under the laws of the

state of Colorado after R.S. has attained the age of majority, any such payment shall be paid to

R.S. upon submission of written documentation of the termination of

guardianship/conservatorship to the Secretary.

III.   **Summary of Recommended Payments Following Judgment**

    A.      Lump Sum paid to the court-appointed guardian(s)/
             conservator(s) of the estate of R.S. for the benefit of R.S.:    **$1,297,837.79**

    B.      Past unreimbursable expenses payable to petitioners:    **$   37,629.32**

    C.      Medicaid lien:    **$   40,866.23**

    D.      An amount sufficient to purchase the annuity contract described
             above in section II. D.

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Director
                    Torts Branch, Civil Division

                    HEATHER L. PEARLMAN
                    Deputy Director
                    Torts Branch, Civil Division

                    COLLEEN C. HARTLEY
                    Assistant Director
                    Torts Branch, Civil Division

*/s/ Lynn C. Schlie*
LYNN C. SCHLIE
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-3667
Email: Lynn.Schlie@usdoj.gov

Dated: January 15, 2025

Appendix A:  Items of Compensation for R.S.                                                                      Page 1 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026 | 2027 | 2028 | 2029 | 2030-2032 | 2033 | 2034 |
| Insurance Maximum out of Pocket | 5% | | | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| ACA Premium | 5% | | M | | | | | | | | |
| ACA Maximum out of Pocket | 5% | | | | | | | | | | |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | | |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Physical Medicine & Rehabilitation | 5% | * | | | | | | | | | |
| Mileage: Physical Medicine & Rehabilitation | 4% | | | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 147.00 |
| Baclofen Pump Refill & Adjustment | 5% | * | | | | | | | | | |
| Mileage: Baclofen Pump | 4% | | | 851.20 | 851.20 | 851.20 | 851.20 | 851.20 | 851.20 | 851.20 | 588.00 |
| Orthopedic Surgeon | 5% | * | | | | | | | | | |
| Mileage: Orthopedic Surgeon | 4% | | | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 147.00 |
| Urologist | 5% | * | | | | | | | | | |
| Mileage: Urologist | 4% | | | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 212.80 | 147.00 |
| Neurosurgeon | 5% | * | | | | | | | | | |
| Lab Testing | 5% | * | | | | | | | | | |
| Urinalysis | 5% | * | | | | | | | | | |
| Ultrasound of Kidney & Bladder | 5% | * | | | | | | | | | |
| Bilateral Leg Length X-ray | 5% | * | | | | | | | | | |
| Bilateral Hip/Pelvis X-ray | 5% | * | | | | | | | | | |
| Scoliosis X-rays | 5% | * | | | | | | | | | |
| Bilateral Knee X-rays | 5% | * | | | | | | | | | |
| Gait Analysis | 4% | * | | | | | | | | | |
| Baclofen Pump Replacement | 5% | * | | | | | | | | | |
| Oxybutrin | 5% | * | | | | | | | | | |
| Antibiotics for UTIs | 5% | * | | | | | | | | | |

**Appendix A:  Items of Compensation for R.S.**                                                     Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2025 | Compensation Year 2 2026 | Compensation Year 3 2027 | Compensation Year 4 2028 | Compensation Year 5 2029 | Compensation Years 6-8 2030-2032 | Compensation Year 9 2033 | Compensation Year 10 2034 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fiber Gummies | 4% | | | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 |
| Incontinence Supplies | 4% | | | 381.00 | 381.00 | 381.00 | 381.00 | 381.00 | 381.00 | 381.00 | 381.00 |
| Catheter Supplies | 4% | * | | | | | | | | | |
| Assistance | 4% | | M | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 |
| Case Management | 4% | | M | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 |
| Psychological Counseling | 4% | * | | | | | | | | | |
| Hand Controls | 4% | | | | | | 2,150.00 | 215.00 | 215.00 | 215.00 | 215.00 |
| Wheelchair Accessible Van | 4% | | | | | | | | | | |
| Driving Evaluation | 4% | | | | | | 480.00 | | | | |
| Physical Therapy | 4% | * | M | 3,600.00 | 3,600.00 | | | | | | |
| Mileage:  Physical Therapy | 4% | | | 336.00 | 336.00 | 168.00 | 168.00 | 168.00 | 168.00 | 14.00 | 14.00 |
| Physical Therapy After Surgeries | 4% | * | | | | | | | | | |
| Occupational Therapy Evaluation | 4% | * | | 100.00 | 100.00 | | | | | | |
| Occupational Therapy | 4% | * | | 400.00 | 400.00 | | | | | | |
| Manual Wheelchair | 4% | * | | | | | | | | | |
| Wheelchair Maintenance | 4% | * | | | | | | | | | |
| Wheelchair | 4% | * | | | | | | | | | |
| Power Wheelchair | 4% | * | | | | | | | | | |
| Power Wheelchair Maintenance | 4% | * | | | | | | | | | |
| Bilateral AFOs | 4% | * | | | | | | | | | |
| Lofstrand Crutches | 4% | | | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 |
| Walker | 4% | | | 43.19 | 43.19 | 43.19 | 43.19 | 43.19 | 43.19 | 43.19 | 43.19 |
| All Terrain Wheelchair and Wheelchair 3rd Wheel | 4% | | | 4,995.00 | | | | 3,995.00 | 570.71 | 570.71 | 570.71 |
| Hand Held Shower | 4% | | | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Long Handled Sponge | 4% | | | 15.00 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 |
| FES Machine | 4% | | | | | | | 28,535.00 | 2,282.80 | 2,282.80 | 2,282.80 |
| FES Electrodes | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Home Modifications | 4% | | | | | | | | | | 50,000.00 |

Appendix A:  Items of Compensation for R.S.                                                Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026 | 2027 | 2028 | 2029 | 2030-2032 | 2033 | 2034 |
| Partial Lost Future Earnings | | | | 996,447.00 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 37,629.32 | | | | | | | |
| Medicaid Lien | | | | 40,866.23 | | | | | | | |
| Annual Totals | | | | 1,376,333.34 | 46,388.29 | 42,120.29 | 44,750.29 | 74,865.29 | 45,188.80 | 45,034.80 | 94,574.20 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of R.S. for the benefit of R.S. for partial lost future earnings ($996,447.00),
pain and suffering ($250,000.00), and Yr 1 life care expenses ($51,390.79): $1,297,837.79.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Nicole Tracy and Danny Stotler, for past un-reimbursable expenses: $37,629.32.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioners and
the Colorado Department of Health Care Policy and Financing, as reimbursement of the state's Medicaid lien: $40,866.23.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

Appendix A:  Items of Compensation for R.S.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 11-13 2035-2037 | Compensation Years 14-17 2038-2041 | Compensation Year 18 2042 | Compensation Years 19-52 2043-2076 | Compensation Years 53-Life 2077-Life |
|---|---|---|---|---|---|---|---|---|
| Insurance Maximum out of Pocket | 5% | | | 5,500.00 | | | | |
| ACA Premium | 5% | | M | | 4,304.52 | 4,304.52 | 4,304.52 | |
| ACA Maximum out of Pocket | 5% | | | | 8,000.00 | 8,000.00 | 8,000.00 | |
| Medicare Part B Deductible | 5% | | | | | | | 257.00 |
| Medigap | 5% | | M | | | | | 1,728.00 |
| Primary Care Physician | 5% | * | | | | | | |
| Physical Medicine & Rehabilitation | 5% | * | | | | | | |
| Mileage: Physical Medicine & Rehabilitation | 4% | | | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 |
| Baclofen Pump Refill & Adjustment | 5% | * | | | | | | |
| Mileage: Baclofen Pump | 4% | | | 588.00 | 588.00 | 588.00 | 588.00 | 588.00 |
| Orthopedic Surgeon | 5% | * | | | | | | |
| Mileage: Orthopedic Surgeon | 4% | | | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 |
| Urologist | 5% | * | | | | | | |
| Mileage: Urologist | 4% | | | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 |
| Neurosurgeon | 5% | * | | | | | | |
| Lab Testing | 5% | * | | | | | | |
| Urinalysis | 5% | * | | | | | | |
| Ultrasound of Kidney & Bladder | 5% | * | | | | | | |
| Bilateral Leg Length X-ray | 5% | * | | | | | | |
| Bilateral Hip/Pelvis X-ray | 5% | * | | | | | | |
| Scoliosis X-rays | 5% | * | | | | | | |
| Bilateral Knee X-rays | 5% | * | | | | | | |
| Gait Analysis | 4% | * | | | | | | |
| Baclofen Pump Replacement | 5% | * | | | | | | |
| Oxybutrin | 5% | * | | | | | | 118.20 |
| Antibiotics for UTIs | 5% | * | | | | | | |

Appendix A:  Items of Compensation for R.S.                                    Page 5 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 11-13 2035-2037 | Compensation Years 14-17 2038-2041 | Compensation Year 18 2042 | Compensation Years 19-52 2043-2076 | Compensation Years 53-Life 2077-Life |
|---|---|---|---|---|---|---|---|---|
| Fiber Gummies | 4% | | | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 |
| Incontinence Supplies | 4% | | | 381.00 | 381.00 | 381.00 | 381.00 | 381.00 |
| Catheter Supplies | 4% | * | | | | | | |
| Assistance | 4% | | M | 32,850.00 | 32,850.00 | 32,850.00 | 32,850.00 | 54,750.00 |
| Case Management | 4% | | M | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 |
| Psychological Counseling | 4% | * | | | | | | |
| Hand Controls | 4% | | | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 |
| Wheelchair Accessible Van | 4% | | | | | 37,241.00 | 3,724.10 | 3,724.10 |
| Driving Evaluation | 4% | | | | | | | |
| Physical Therapy | 4% | * | M | | | | | |
| Mileage:  Physical Therapy | 4% | | | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 |
| Physical Therapy After Surgeries | 4% | * | | | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | | | |
| Occupational Therapy | 4% | * | | | | | | |
| Manual Wheelchair | 4% | * | | | | | | |
| Wheelchair Maintenance | 4% | * | | | | | | |
| Wheelchair | 4% | * | | | | | | |
| Power Wheelchair | 4% | * | | | | | | |
| Power Wheelchair Maintenance | 4% | * | | | | | | |
| Bilateral AFOs | 4% | * | | | | | | |
| Lofstrand Crutches | 4% | | | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 |
| Walker | 4% | | | 43.19 | 43.19 | 43.19 | 43.19 | 43.19 |
| All Terrain Wheelchair and Wheelchair 3rd Wheel | 4% | | | 570.71 | 570.71 | 570.71 | 570.71 | 570.71 |
| Hand Held Shower | 4% | | | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Long Handled Sponge | 4% | | | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 |
| FES Machine | 4% | | | 2,282.80 | 2,282.80 | 2,282.80 | 2,282.80 | 2,282.80 |
| FES Electrodes | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Home Modifications | 4% | | | | | | | |

Appendix A: Items of Compensation for R.S.                                                      Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 11-13 2035-2037 | Compensation Years 14-17 2038-2041 | Compensation Year 18 2042 | Compensation Years 19-52 2043-2076 | Compensation Years 53-Life 2077-Life |
|---|---|---|---|---|---|---|---|---|
| Partial Lost Future Earnings | | | | | | | | |
| Pain and Suffering | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | |
| Medicaid Lien | | | | | | | | |
| Annual Totals | | | | 44,574.20 | 51,378.72 | 88,619.72 | 55,102.82 | 66,801.50 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of R.S. for the benefit of R.S. for partial lost future earnings ($996,447.00), pain and suffering ($250,000.00), and Yr 1 life care expenses ($51,390.79): $1,297,837.79.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Nicole Tracy and Danny Stotler, for past un-reimbursable expenses: $37,629.32.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioners and the Colorado Department of Health Care Policy and Financing, as reimbursement of the state's Medicaid lien: $40,866.23.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.