# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 6, 2025

```
* * * * * * * * * * * * * *
NICOLE TRACY and DANNY          *
STOTLER, on behalf of R.S.,     *
their minor child,              *
                                *
              Petitioner,       *   No. 16-213V
                                *
v.                              *   Special Master Young
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
* * * * * * * * * * * * * *
```

*Mari Bush*, Mari C. Bush, LLC, Boulder, CO, for Petitioners.
*Lynn Schlie*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 11, 2016, Nicole Tracy and Danny Stotler ("Petitioners") filed a petition for compensation on behalf of their minor child, R.S., pursuant to the National Vaccine Injury Compensation Program. Pet. at 1, ECF No. 1; 42 U.S.C. §§ 300aa-1 to -34 (2018).[2] Petitioners alleged that the pneumococcal conjugate ("PCV 13" or "Prevnar 13") vaccine R.S. received on March 18, 2013, caused her to suffer from transverse myelitis ("TM"). Pet. at 1. I issued a ruling on entitlement on March 30, 2022, finding that Petitioners are entitled to compensation. ECF No. 110. On July 18, 2022, Petitioners filed a motion for interim attorneys' fees and costs, requesting a total of $306,941.68. ECF No. 130. On November 7, 2022, I issued a decision awarding Petitioners $245,298.60 in interim fees and costs. ECF No. 142. I issued a damages decision based on a proffer on January 15, 2025. ECF No. 259.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 23, 2025, Petitioners filed a final motion for attorneys' fees and costs. Pet'r's Mot., ECF No. 269. Petitioner requests total attorneys' fees and costs in the amount of $201,132.02, representing $154,543.23 in attorneys' fees and $46,588.79 in attorneys' costs. Pet'r's Mot. at 8–9. Petitioners did not incur any personal costs in pursuit of their petition. *Id.* at 1; ECF No. 67. Respondent responded to the motion on June 5, 2025, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 270. Petitioner filed a reply on June 9, 2025. ECF No. 271.

I.     **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also not raised an objection regarding whether good faith and reasonable basis have been met. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioners request the following rates of compensation for their counsel Mr. Mari Bush: $497.50 per hour for work performed in 2022; $524.00 per hour for work performed in 2023; $553.50 per hour for work performed in 2024; and $594.50 per hour for work performed in 2025. Ms. Bush also billed at half her rates for travel in 2022 and 2023. *See* ECF No. 269-9 at 7, 10, 17. Additionally, Petitioners request a paralegal rate of $145.00 per hour for work performed from 2022-2025.

Ms. Bush practices in Denver, CO—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Cooley v. Sec'y of Health & Hum. Servs.*, No. 17-1556V, 2021 WL 4272592, at *2 (Fed. Cl. Spec. Mstr. Aug. 17, 2021). However, the rates requested for Ms. Bush are inconsistent with what has previously been awarded for her time, in accordance with the Office of Special Masters' fee schedule. *Garcia v. Sec'y of Health & Hum. Servs.*, No. 21-1056V, 2023 WL 6620312 (Fed. Cl. Spec. Mtr. Sept. 13, 2023) (awarding $440.00 per hour for 2022, and $470.00 per hour for 2023). Therefore, I will award Ms. Bush what she has previously been award for 2022 and 2023, $440.00 per hour and $470.00 per hour, respectively. This results in a reduction of $6,253.45.[4] There are no current cases that discuss Ms. Bush's rates for 2024 and 2025, but they can be calculated by allowing increases in each year commensurate with the "jump" in prior years while also consistent with the forum rate schedule. Accordingly, I will award $525.00 per hour for work performed in 2024, and $585.00 per hour for work performed in 2025. This results in a reduction of $3,341.15.[5]

While Ms. Bush indeed billed correctly at approximately half her hourly rate, the adjustment to her hourly rates will therefore reduce the hourly rate billed for travel. I will accordingly award Ms. Bush $220.00 per hour for travel in 2022, and $235.00 per hour for travel in 2023. This results in a reduction of $288.63.[6]

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v.*

---

[3] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] (($497.50 - $440.00) x 58.7 hours) + (($524.00 - $470.00) x 53.3 hours) = $6,253.45.

[5] (($553.50 - $525.00) x 96.3 hours) + (($594.50 - $585.00) x 62.8 hours) = $3,341.15.

[6] (($248.75 - $220.00) x 9.1 hours) + (($262.00 - $235.00) x 1 hour) = $288.63.

*Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be mostly reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. However, I find a reduction necessary because there were numerous entries billed for administrative tasks, including filing, mailing, and downloading and organizing documents. Counsel was previously warned about this in the decision on interim fees, and reductions were likewise made. *Tracy v. Sec'y of Health & Hum. Servs.*, No. 16-213V, 2022 WL 17821107, at *6–7 (Fed. Cl. Spec. Mstr. Nov. 16, 2022). Additionally, most of these administrative tasks were included in entries with other tasks. Because this constitutes block billing, it is impossible to discern how much time was spent on compensable versus noncompensable tasks. Therefore, I find a 10% reduction reasonable. This results in a reduction of $14,466.00.[7]

Ms. Bush also seeks reimbursement for time spent pursuing a conservatorship for R.S. and related probate court matters. Some special masters have found that such fees and costs are not reimbursable arguably because they are not incurred in the proceedings on the petition, as required by the Vaccine Act. *See, e.g.*, *Mol v. Sec'y of Health & Hum. Servs.*, 50 Fed. Cl. 588, 591 (2001), *rev'g* Mol v. *Sec'y of Health & Hum. Servs.*, No. 96–549V, 2001 WL 914444 (Fed. Cl. Spec. Mstr. July 24, 2001) (holding attorneys' fees and costs associated with a state court guardianship proceeding were not compensable under the Act, even when guardianship was established pursuant to a settlement provision). Other special masters have held that because the guardianship or conservatorship was set up to handle the Program award, they are incurred in proceedings on the petition and are compensable as necessary to resolve the case. *See, e.g.*, *Gruber v. Sec'y of Health & Hum. Servs.*, No. 00–749V, 91 Fed. Cl. 773 (2010), *aff'g in part*, *rev'g in part*, 2009 WL 2135739 (Fed. Cl. Spec. Mstr. June 24, 2009) (finding a reduction of the attorneys' fees paid to probate counsel for guardianship proceedings was not warranted and ordering that the guardianship fees be compensated as guardianship was a condition of the settlement); *see also Childers v. Sec'y of Health & Hum. Servs.*, No. 96–194V, 1999 WL 514041, at *3 (Fed. Cl. Spec. Mstr. June 11, 1999) (explaining that "[w]hile counsel's efforts did, of course, involve a 'proceeding' in another court, they were *also* ultimately related to the 'proceeding' on the Program petition."); *Stewart ex rel. Stewart-Sotelo v. Sec'y of Health & Hum. Servs.*, No. 06-287 V, 2011 WL 5330388 (Fed. Cl. Spec. Mstr. Oct. 17, 2011). It appears in this case that the conservatorship was set up solely for the purpose of handling the Program award, and thus, was necessary to resolve this case. Therefore, I will award reasonable fees and costs associated with conservatorship

---

[7] $154,543.23 - $6,253.45 - $3,341.15 - $288.63 = $144,660.00 x 10% = $14,466.00.

proceedings that are necessary to the administration of the award. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $130,194.00.[8]

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $46,588.79 in attorneys' costs comprised of acquiring medical records, costs incurred related to the conservatorship, mileage, and expert services provided by economist Jeffrey Nehls, and life care planner Laura Woodard. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. Accordingly, Petitioners are awarded the full amount of costs sought.

### II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $154,543.23 |
| (Reduction to Fees) | ($24,349.23) |
| **Total Attorneys' Fees Awarded** | **$130,194.00** |
| | |
| Attorneys' Costs Requested | $46,588.79 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$46,588.79** |
| | |
| **Total Attorneys' Fees and Costs** | **$176,782.79** |

**Accordingly, I award a lump sum in the amount of $176,782.79, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[9]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[8] $144,660.00 - $14,466.00 = $130,194.00.
[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

5